# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Crim. No. 10-229(4) |
| | ) | |
| BRENT KEVIN HERCULES ANTOINE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On May 9, 2014, Defendant filed a *pro se* "Motion to Set Aside Jury Verdict and Arrest Judgment, Pursuant to Rules 29(c)and 34 (a)(1) of the Federal rules of Criminal Procedure" [ECF #343]. Defendant, who is represented by counsel, is scheduled to be sentenced on May 14, 2014.

In the motion, Defendant first contends :

> [h]ere the conspiracy statute allegedly violated [18 U.S.C. § 371] does not proscribe the activity allegedly undertaken by the defendant in this case. Congress made clear, through its enactment of 18 U.S.C. § 1029(b)(2), that a conspiracy to possess 15 or more counterfeit or unauthorized access devices violates § 1029(b)(2), and not some other conspiracy statute. Thus, not only was the evidence both legally and factually insufficient to establish a violation of the statute alleged in the indictment, but since the conduct did not fall within the ambit of the statute alleged to have been violated, the district court was without subject matter jurisdiction, and the Court should set aside the verdict.

Motion, p. 5.

Defendant next argues that the jury verdict on Count Two of the Indictment should be set aside and the Court should either enter a judgment of acquittal or order a new trial in the interest of justice and to prevent a complete miscarriage of justice because the jury may have based its finding of guilt based on Defendant's possession of the seventy-one (71) gift cards that had been

purchased using counterfeit credit cards and these gift cards "were not 'unauthorized access devices' as that terms in defined by 18 U.S. C. § 1029(e)(3)." Id. at p. 7.

Third, Defendant contends that it was never proven that he had actual or constructive possession of the credit cards and gift cards that were found inside the locked safe in the van when it was stopped by the police, nor that he aided or abetted anyone else's possession of the contents of the safe, and therefore, that this Court should set aside the verdict on Count Two of the Indictment and enter a judgment of acquittal with respect to this Count. Id. at pp. 9-11. With respect to this argument, Defendant further argues that defense counsel's failure to raise these questions in his Rule 29 motion to the Court "deprived defendant of the counsel that he is guaranteed by the Sixth Amendment of the United States Constitution." Id. at p. 11.

Defendant acknowledges that "defendant did not timely move for a judgment of acquittal, or to arrest the judgment on any of the grounds raised in this motion." Id. at p. 3. His explanation for this is that he has been represented by counsel throughout the proceedings in this case and that "the failure to timely file the appropriate motions could only be attributed to counsel who bore the responsibility of making such applications," "[i]t is therefore respectfully submitted that 'excusable neglect' exists to permit this late filing," and "[t]hat 'excusable neglect' is the deprivation of defendant's right to Effective Assistance of Counsel under the Sixth Amendment." Id.

We find Defendant's arguments to be untimely and there has not been "excusable neglect" such that this Court will consider the arguments substantively at this late juncture. Defendant, of course, is not prohibited from raising any and all of these arguments at the appellate level and/or on collateral appeal to the extent permitted under federal law.

An appropriate Order follows:

# ORDER

AND NOW, this 13th day of May, 2014, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant's *pro se* "Motion to Set Aside Jury Verdict and Arrest Judgment, Pursuant to Rules 29(c)and 34 (a)(1) of the Federal rules of Criminal Procedure" [ECF #343] is DENIED.

Maurice B. Cohill, Jr.
Senior District Court Judge

cc: Brent Kevin Hercules Antoine