# UNITED STATES DISTRICT COURT

Western District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| BRENT KEVIN HERCULES ANTOINE | ) | Case Number: 10-CR-229(3) |
| | ) | USM Number: 78893-053 |
| | ) | Alonzo Burney |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)  1, 2, 3, 4, AND 5 OF SUPERSEDING INDICTMENT
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. s. 371 | Conspiracy | 3/3/2010 | 1s |
| 18 U.S.C. s. 1029(a)(3) | Poss of 15 or more counterfeit or unauthorized access devic | 3/3/2010 | 2s |
| 18 U.S.C. s. 1028(a)(1) | Aggravated Identity Theft | 3/3/2010 | 3s-5s |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  1-2 of Orig. Ind. as to Antoine  ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/15/2014
Date of Imposition of Judgment

*Maurice B. Cohill, Jr.* (signature)
Signature of Judge

Maurice B. Cohill, Jr., Sr. Dist. Ct. Judge
Name and Title of Judge

5/15/2014
Date

DEFENDANT: BRENT KEVIN HERCULES ANTOINE
CASE NUMBER: 10-CR-229(3)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

12 months at Counts 1 and 2 of the Superseding Indictment, to be served concurrent with each other, and 24 months at Counts 3, 4 and 5 of the Superseding Indictment, to be served concurrent with each other, and consecutive to the 12 month terms of imprisonment at Counts 1 and 2 of the Superseding Indictment, for a total of 36 months imprisonment.

☑ The court makes the following recommendations to the Bureau of Prisons:

*This man's home is in Brooklyn, N.Y. I recommend placement as close to Brooklyn as possible.*

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: BRENT KEVIN HERCULES ANTOINE
CASE NUMBER: 10-CR-229(3)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

36 months at Cts 1 and 2 of the Supers. Indict., and 12 months at each of Cts 3, 4 and 5 of the Supers. Indict., with all terms of super. release to be served concurrently with each other, for a total term of super. release of 36 months.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

DEFENDANT: BRENT KEVIN HERCULES ANTOINE
CASE NUMBER: 10-CR-229(3)

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall pay any financial penalty that is imposed by this judgment.
2. The defendant shall pay restitution that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release at a rate of not less than 10 percent of his gross monthly income, but in any event not less than $50 a month. The first payment shall be due within 30 days of the defendant's release from the custody of the Bureau of Prisons.
3. The defendant shall report any change of address within 30 days to the United States Attorney's Office while any portion of the restitution remains outstanding.
4. The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.
5. The defendant shall provide the probation officer with access to any requested financial information.

DEFENDANT: BRENT KEVIN HERCULES ANTOINE
CASE NUMBER: 10-CR-229(3)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 500.00 | $ 0.00 | $ 48,505.32 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Authorized Representative, FIA Card Services, National Assoc. Credit Card Services  1000 Samose Drive, Newark, DE 19713 | $4,558.25 | $4,558.25 | |
| Authorized Representative, Citibank South Dakota, NA, 14700 Citicorp Drive, Bldg. 2, Hagerstown, MD 21742 | $7,655.77 | $7,655.77 | |
| Attn: Mr. Steve Lenderman, Barclays Bank, 125 South West Street, Wilmington, DE 19801 | $6,104.34 | $6,104.34 | |
| Authorized Representative, Team One Credit Union PO Box 1260, Saginaw, MI 48606 | $549.50 | $549.50 | |
| Authorized Representative, Point Breeze Credit | $7,198.46 | $7,198.46 | |
| **TOTALS** | $ 48,505.32 | $ 48,505.32 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☑ the interest requirement is waived for the    ☐ fine   ☑ restitution.

  ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

Judgment—Page 6 of 7

DEFENDANT: BRENT KEVIN HERCULES ANTOINE
CASE NUMBER: 10-CR-229(3)

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Union Attn: Cindy, 410 S. Atwood Road Bell Aire, MD 21014 | | | |
| Attn: Ms. Linda Vales, Suncoast Schools Federal Credit Union, 6801 East Hillsboro Avenue Tampa, FL 33610 | $1,000.00 | $1,000.00 | |
| Authorized Representative, Suntrust Bank, Attn: Fraud Investigations, 7455 Chancellor Drive, Orlando, FL 32809 | $11,487.12 | $11,487.12 | |
| Authorized Representative, Attn: Card Services, Nordstrom FSB, PO Box 6589 Englewood, CO 80155 | $9,951.88 | $9,951.88 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BRENT KEVIN HERCULES ANTOINE
CASE NUMBER: 10-CR-229(3)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 500.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    Restitution shall be paid jointly and severally with co-defendants Ramar J. Gardiner: 10-CR-229(1); Richard G. Foster: 10-CR-229(2); and Brent Kevin Hercules Antoine: 10-CR-229(3) in the total amount of $48,505.32. Additionally, restitution shall be disbursed to the identified victims in proportion to their losses.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

    It is further ordered that all right, title and interest of Brent Kevin Hercules Antoine in the 76 gift cards from the retailers, American Express, Home Depot, Best Buy, Nordstrom and Visa are forfeited to the United States for disposition in accordance with federal law pursuant to 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1029(c)(1)(C).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.